UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEADRICK TEAGUE, CHARSAE PERRY, COREY M. ISLEY, TAMARA DAVIS, ANTHONY HICKS, and ARCHIE HAYES, <br><br>　　　　　　Plaintiff, <br><br>　v. <br><br>ERIK A. MIEHLE, MATTHEW R. BLOMSTRAND, JEFFREY T. SALVETTI, ERICK P. SENG, UNKNOWN OFFICERS OF THE CITY OF CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO, <br><br>　　　　　　Defendants. | Case No. 14 C _____ <br><br> Judge _____ <br><br> Magistrate Judge _____ <br><br> JURY TRIAL DEMANDED |

## CIVIL RIGHTS COMPLAINT

Plaintiffs, DEADRICK TEAGUE, CHARSAE PERRY, COREY M. ISLEY, TAMARA DAVIS, ANTHONY HICKS, and ARCHIE HAYES, by and through their attorney, Irene K. Dymkar, and complaining against defendants, ERIK A. MIEHLE, MATTHEW R. BLOMSTRAND, JEFFREY T. SALVETTI, ERICK P. SENG, UNKNOWN OFFICERS OF THE CITY OF CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO, state as follows:

### NATURE OF CLAIM

1. This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983), to redress deprivations of the civil rights of plaintiffs through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiffs of their rights under the Fourth and Fourteenth Amendments to the United States Constitution.

2. Additionally, plaintiffs rely upon the Court's supplemental jurisdiction to assert the Illinois state claims of battery, assault, and indemnification.

## JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

## PARTIES

5. At all times herein mentioned, plaintiffs, DEADRICK TEAGUE (hereinafter TEAGUE), CHARSAE PERRY (hereinafter PERRY), COREY M. ISLEY (hereinafter ISLEY), TAMARA DAVIS (hereinafter DAVIS), ANTHONY HICKS (hereinafter HICKS), and ARCHIE HAYES (hereinafter HAYES), were and are citizens of the United States and reside within the jurisdiction of the court.

6. At all times herein mentioned, defendants ERIK A. MIEHLE (hereinafter MIEHLE), MATTHEW R. BLOMSTRAND (hereinafter BLOMSTRAND), JEFFREY T. SALVETTI (hereinafter SALVETTI), ERICK P. SENG (hereinafter SENG), and UNKNOWN OFFICERS OF THE CHICAGO POLICE DEPARTMENT (hereinafter UNKNOWN OFFICERS) were officers employed by the Chicago Police Department and were acting under color of state law and as the employees or agents of defendant CITY OF CHICAGO, Illinois. They are being sued in their individual capacity.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.
.

## STATEMENT OF FACTS

8. On September 8, 2013, in the evening, plaintiffs, DEADRICK TEAGUE, CHARSAE PERRY, COREY M. ISLEY, TAMARA DAVIS, ANTHONY HICKS, and ARCHIE HAYES, all African-American citizens, were lawfully attending a birthday party in a garage at 1244 N. Austin Blvd., in Chicago, Illinois, plaintiff TEAGUE's home.

9. Five, six, or more white, Caucasian Chicago police officers came down the street, some the wrong way, in unmarked police vehicles, and jumped out of their vehicles.

10. These five, six, or more officers accosted plaintiffs, who were in the garage with an open door at the time, at gunpoint.

11. Defendants ERIK A. MIEHLE, JEFFREY T. SALVETTI, and ERICK P. SENG have made judicial admissions in an unrelated civil rights case that they were three of the officers at 1244 N. Austin Blvd. on September 8, 2013.

12. Defendant MATTHEW R. BLOMSTRAND was identified by plaintiffs' counsel as one of the officers present because police records show that he was defendant MIEHLE's partner on September 8, 2013.

13. Other Chicago police officers were present, whose identities are not yet known.

14. Defendant police officers MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS came into the TEAGUE garage uninvited and without legal cause.

15. Defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS forcibly grabbed plaintiffs, as well as other citizens attending the party.

16. Defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS ordered plaintiffs and other citizens at gunpoint to lie face down on the ground.

17. Plaintiffs were handcuffed and remained face down on the ground until they were allowed to sit up.

18. When plaintiffs and others asked what was going on, defendant police officers answered with rude, profane, and threatening comments, putting plaintiffs in fear of more physical abuse and in fear of being arrested, despite not having committed any crimes.

19. Defendant police officers who were not actively involved in the physical contact and threats knew that the actions of the other officers were unconstitutional and could

have intervened in the illegal seizure, detention, battery, use of excessive force, and search, but failed to do so.

20. Defendant police officers had no reasonable suspicion to believe that plaintiffs were involved in any criminal activity whatsoever.

21. Defendants had no probable cause to seize plaintiffs or search them, or to seize their property.

22. Defendant police officers proceeded to search the persons of plaintiffs, going into their pockets and purses, and taking out and retaining personal items.

23. Plaintiffs' proof of identification was taken from them and held.

24. The TEAGUE garage was searched and the curtilage of the property was searched.

25. Defendants searched or attempted to search vehicles of the people at the birthday party and vehicles in the garage.

26. Defendants police officers continued detaining plaintiffs to perform a computer check of plaintiffs' identification, and a warrant check. Plaintiffs were not free to leave.

27. Defendant police officers found no contraband on plaintiffs, on the other attendees of the party, in the garage or in the yard, or in the vehicles.

28. After roughing plaintiffs up and detaining them, defendants released plaintiffs from handcuffs and let them go. Defendants did not charge plaintiffs with having committed any crimes.

29. Defendant police officers never told plaintiffs why they grabbed, searched, and detained them, or searched the TEAGUE property, except to say they wanted to find a gun.

30. The above acts, as well as other harassing, humiliating, and insulting acts by the individual defendants officers, were committed with knowledge of the individual defendants and by agreement of said defendants to act in concert to violate the constitutional rights of plaintiffs.

31. The police officers involved in this event were Caucasian white and plaintiffs are African-American black. The actions of defendant police officers were motivated in part by racial animus.

32. By reason of the above-described acts and omissions of defendant police officers, plaintiffs sustained physical injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering, all to their damage.

33. The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages.

34. Because of the above-described acts and omissions of the individual defendants, plaintiffs were required to retain an attorney to institute, prosecute, and render legal assistance to them in the within action, so that they might vindicate the loss and impairment of their rights. By reason thereof, plaintiffs request payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C.§1988, the Equal Access to Justice Act, or any other provision set by law.

### COUNT I
### Plaintiff DEADRICK TEAGUE Against Defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS for Illegal Entry onto Private Property

35. Plaintiff, DEADRICK TEAGUE, incorporates and realleges paragraphs 1 - 34, as though set forth herein in their entirety.

36. Defendant police officers MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS entered onto the premises of plaintiff TEAGUE's home at 1244 N. Austin Blvd., in Chicago, Illinois, without a warrant, without permission, and without legal cause, thus invading and violating plaintiff's security and privacy.

37. By reason of the conduct of defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS, plaintiff, TEAGUE, was deprived of rights, privileges and

immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS, and each of them, is liable to plaintiff TEAGUE, pursuant to 42 U.S.C. §1983.

## COUNT II
### Plaintiffs, TEAGUE, PERRY, ISLEY, DAVIS, HICKS, and HAYES, Against Defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS for Illegal Stop

38. Plaintiffs, DEADRICK TEAGUE, CHARSAE PERRY, COREY M. ISLEY, TAMARA DAVIS, ANTHONY HICKS, and ARCHIE HAYES, incorporate and reallege paragraphs 1 – 34, as though set forth herein in their entirety.

39. The stop of plaintiffs by defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS was without reasonable suspicion that plaintiffs were involved in any criminal activity and without any other legal cause.

40. By reason of the conduct of defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS, plaintiffs, TEAGUE, PERRY, ISLEY, DAVIS, HICKS, and HAYES, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT III
### Plaintiffs, TEAGUE, PERRY, ISLEY, DAVIS, HICKS, and HAYES, Against MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS for Illegal Seizure of Person and Detention

41. Plaintiffs, DEADRICK TEAGUE, CHARSAE PERRY, COREY M. ISLEY, TAMARA DAVIS, ANTHONY HICKS, and ARCHIE HAYES, incorporate and reallege paragraphs 1 – 34, as though set forth herein in their entirety.

42. The seizure and detention of plaintiffs were without probable cause or reasonable suspicion and were unreasonable.

43. By reason of the conduct of defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS, plaintiffs, TEAGUE, PERRY, ISLEY, DAVIS, HICKS, and HAYES, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

### COUNT IV
**Plaintiffs, TEAGUE, PERRY, ISLEY, DAVIS, HICKS, and HAYES, Against Defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS for Excessive Force**

44. Plaintiffs, DEADRICK TEAGUE, CHARSAE PERRY, COREY M. ISLEY, TAMARA DAVIS, ANTHONY HICKS, and ARCHIE HAYES, incorporate and reallege paragraphs 1 – 34, as though set forth herein in their entirety.

45. The force used by defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS on plaintiffs was excessive, unnecessary, unreasonable, and without legal cause.

46. By reason of the conduct of defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS, plaintiffs, TEAGUE, PERRY, ISLEY, DAVIS, HICKS, and HAYES, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT V
**Plaintiffs, TEAGUE, PERRY, ISLEY, DAVIS, HICKS, and HAYES, Against Defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS, and CITY OF CHICAGO for State Supplemental Claim of Battery**

47. Plaintiffs, DEADRICK TEAGUE, CHARSAE PERRY, COREY M. ISLEY, TAMARA DAVIS, ANTHONY HICKS, and ARCHIE HAYES, incorporate and reallege paragraphs 1 – 34, as though set forth herein in their entirety.

48. The physical contact by defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS was offensive and injurious, and against plaintiffs' will.

49. Defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS are liable to plaintiffs, TEAGUE, PERRY, ISLEY, DAVIS, HICKS, and HAYES, under Illinois law for the state supplemental claim of battery.

50. Defendant CITY OF CHICAGO is liable to plaintiffs pursuant to the doctrine of *respondeat superior.*

## COUNT VI
**Plaintiffs, TEAGUE, PERRY, ISLEY, DAVIS, HICKS, and HAYES, Against Defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, UNKNOWN OFFICERS, and CITY OF CHICAGO for State Supplemental Claim of Assault**

51. Plaintiffs, DEADRICK TEAGUE, CHARSAE PERRY, COREY M. ISLEY, TAMARA DAVIS, ANTHONY HICKS, and ARCHIE HAYES, incorporate and reallege paragraphs 1 – 34, as though set forth herein in their entirety.

52. Defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS engaged in conduct, including threatening words and threatening gestures, which placed plaintiffs in reasonable apprehension of receiving a battery. Plaintiffs were in reasonable fear not only of a physical attack, but of being forcibly arrested and formally charged with crimes, for no legal reason.

53. Defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS are liable to plaintiffs, TEAGUE, PERRY, ISLEY, DAVIS, HICKS, and HAYES, under Illinois law for the state supplemental claim of assault.

8

54. Defendant CITY OF CHICAGO is liable to plaintiffs pursuant to the doctrine of *respondeat superior.*

**COUNT VII**
**Plaintiffs, TEAGUE, PERRY, ISLEY, DAVIS, HICKS, and HAYES, Against Defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS for Illegal Search of Person**

55. Plaintiffs, DEADRICK TEAGUE, CHARSAE PERRY, COREY M. ISLEY, TAMARA DAVIS, ANTHONY HICKS, and ARCHIE HAYES, incorporate and reallege paragraphs 1 – 34, as though set forth herein in their entirety.

56 The search of plaintiffs' persons was without probable cause to believe that plaintiffs were involved in any criminal activity and was unreasonable.

57. By reason of the conduct of defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS, plaintiffs, TEAGUE, PERRY, ISLEY, DAVIS, HICKS, and HAYES, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

**COUNT VIII**
**Plaintiffs, TEAGUE, PERRY, ISLEY, DAVIS, HICKS, and HAYES, Against Defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS for Illegal Search and Seizure of Property**

58. Plaintiffs, DEADRICK TEAGUE, CHARSAE PERRY, COREY M. ISLEY, TAMARA DAVIS, ANTHONY HICKS, and ARCHIE HAYES, incorporate and reallege paragraphs 1 – 34, as though set forth herein in their entirety.

59. The search and seizure of plaintiffs' personal property were without probable cause to believe that plaintiffs were involved in any criminal activity and without probable cause to believe that the property was contraband or was evidence of criminal activity. The search and seizure of plaintiffs' personal property were unreasonable and a violation of privacy.

60. By reason of the conduct of defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS, plaintiffs, TEAGUE, PERRY, ISLEY, DAVIS, HICKS, and HAYES, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

**COUNT IX**
**Plaintiffs, TEAGUE, PERRY, ISLEY, DAVIS, HICKS, and HAYES, Against Defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS for Failure to Intervene**

61. Plaintiffs, DEADRICK TEAGUE, CHARSAE PERRY, COREY M. ISLEY, TAMARA DAVIS, ANTHONY HICKS, and ARCHIE HAYES, incorporate and reallege paragraphs 1 – 34, as though set forth herein in their entirety.

62. Defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS had reason to know that the seizure, detention, search of plaintiffs and their property, seizure of property, and excessive force towards plaintiffs were without a warrant, without consent, without probable cause, without reasonable suspicion, without exigent circumstances or other legal justification, and unreasonable.

63. Defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS had a reasonable opportunity to prevent the illegal searches and seizures and excessive force from occurring, but failed to do so.

64. By reason of the conduct of defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS, plaintiffs, TEAGUE, PERRY, ISLEY, DAVIS, HICKS, and HAYES, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT X
### Plaintiffs, TEAGUE, PERRY, ISLEY, DAVIS, HICKS, and HAYES, Against Defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS for Conspiracy Pursuant to Section 1983

65. Plaintiffs, DEADRICK TEAGUE, CHARSAE PERRY, COREY M. ISLEY, TAMARA DAVIS, ANTHONY HICKS, and ARCHIE HAYES, incorporate and reallege paragraphs 1 – 34, as though set forth herein in their entirety.

66. The above acts were committed with knowledge and by agreement of defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS to act in concert to violate the constitutional rights of plaintiffs.

67. By reason of the conduct of defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS, plaintiffs, TEAGUE, PERRY, ISLEY, DAVIS, HICKS, and HAYES, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT XI
### Plaintiffs, TEAGUE, PERRY, ISLEY, DAVIS, HICKS, and HAYES, Against Defendant CITY OF CHICAGO for Indemnification (735 ILES 10/9-102)

68. Plaintiffs, DEADRICK TEAGUE, CHARSAE PERRY, COREY M. ISLEY, TAMARA DAVIS, ANTHONY HICKS, and ARCHIE HAYES, incorporate and reallege paragraphs 1 – 34, as though set forth herein in their entirety.

69. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

70. Defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, and UNKNOWN OFFICERS were employees of the CITY OF CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

71. Defendant CITY OF CHICAGO is thus liable under the theory of indemnification.

WHEREFORE, plaintiffs, DEADRICK TEAGUE, CHARSAE PERRY, COREY M. ISLEY, TAMARA DAVIS, ANTHONY HICKS, and ARCHIE HAYES, request judgment as follows against defendants, MIEHLE, BLOMSTRAND, SALVETTI, SENG, UNKNOWN OFFICERS, and CITY OF CHICAGO on each and every claim:

    A.    That defendants be required to pay plaintiffs general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,

    B.    That defendants be required to pay plaintiffs special damages,

    C.    That defendants, except CITY OF CHICAGO, be required to pay plaintiffs attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

    D.    That defendants, except CITY OF CHICAGO, be required to pay plaintiffs exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

    E.    That defendants be required to pay plaintiffs costs of the suit herein incurred, and

    F.    That plaintiffs be granted such other and further relief as this Court may deem just and proper.

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY.**

Dated: September 7, 2014                    /s/    Irene K. Dymkar
                                                                           Irene K. Dymkar

Irene K. Dymkar
Attorney for Plaintiffs
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123