## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DEADRICK TEAGUE, CHARSAE PERRY, COREY M. ISLEY, TAMARA DAVIS, ANTHONY HICKS, ARCHIE HAYES, ALEXANDER PATES, and JOYCE PERRY, | ) ) ) ) ) |
| Plaintiffs, | ) Case No. 14 C 6950 |
| v. | ) ) Judge Sara L. Ellis |
| ERIK A. MIEHLE, MATTHEW R. BLOMSTRAND, JEFFREY T. SALVETTI, ERICK P. SENG, ANTHONY J. JANNOTTA, BRIAN A. STORRIE, KEVIN L. CARLQUIST, NICHOLAS A. CERVANTES, ADAM A. WALLACE, AARON M. DALY, JOSEPH E. LIPA, ANDREW N. DOERGE, and CITY OF CHICAGO, | ) Magistrate Judge Jeffrey T. Gilbert ) ) ) JURY TRIAL DEMANDED ) ) ) ) ) |
| Defendants. | ) |

## FIRST AMENDED CIVIL RIGHTS COMPLAINT

Plaintiffs, DEADRICK TEAGUE, CHARSAE PERRY, COREY M. ISLEY, TAMARA DAVIS, ANTHONY HICKS, ARCHIE HAYES, ALEXANDER PATES, and JOYCE PERRY, by and through their attorney, Irene K. Dymkar, and complaining against defendants, ERIK A. MIEHLE, MATTHEW R. BLOMSTRAND, JEFFREY T. SALVETTI, ERICK P. SENG, ANTHONY J. JANNOTTA, BRIAN A. STORRIE, KEVIN L. CARLQUIST, NICHOLAS A. CERVANTES, ADAM A. WALLACE, AARON M. DALY, JOSEPH E. LIPA, ANDREW N. DOERGE, and CITY OF CHICAGO, state as follows:

### NATURE OF CLAIM

1.    This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983), to redress deprivations of the civil rights of plaintiffs through acts and/or omissions of defendants committed under color of

law.  Specifically here, defendants deprived plaintiffs of their rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2.       Additionally, plaintiffs rely upon the Court's supplemental jurisdiction to assert the Illinois state claims of battery, assault, and indemnification.

## JURISDICTION AND VENUE

3.       Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

4.       Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

## PARTIES

5.       At all times herein mentioned, plaintiffs, DEADRICK TEAGUE (hereinafter TEAGUE), CHARSAE PERRY[1], COREY M. ISLEY (hereinafter ISLEY), TAMARA DAVIS (hereinafter DAVIS), ANTHONY HICKS (hereinafter HICKS), ARCHIE HAYES (hereinafter HAYES), ALEXANDER PATES (hereinafter PATES), and JOYCE PERRY, were and are citizens of the United States and reside within the jurisdiction of the court.

6.       At all times herein mentioned, defendants ERIK A. MIEHLE (hereinafter MIEHLE), MATTHEW R. BLOMSTRAND (hereinafter BLOMSTRAND), JEFFREY T. SALVETTI (hereinafter SALVETTI), ERICK P. SENG (hereinafter SENG), ANTHONY J. JANNOTTA (hereinafter JANNOTTA), BRIAN A. STORRIE (hereinafter STORRIE), KEVIN L. CARLQUIST (hereinafter CARLQUIST), NICHOLAS A. CERVANTES (hereinafter CERVANTES), ADAM A. WALLACE (hereinafter WALLACE), AARON M. DALY (hereinafter DALY), JOSEPH E. LIPA (hereinafter LIPA), and ANDREW N. DOERGE (hereinafter DOERGE), were officers employed by the Chicago Police Department and were acting under color of state law and as the employees or agents of defendant CITY OF CHICAGO, Illinois.  They are being sued in their individual capacity.

---

[1]  Because of they have the same last name, reference to CHARSAE PERRY or JOYCE PERRY will be made using both their first and last names.

7.     Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois.  Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

.

## STATEMENT OF FACTS

8.     On September 8, 2013, in the evening, plaintiffs, DEADRICK TEAGUE, CHARSAE PERRY, COREY M. ISLEY, TAMARA DAVIS, ANTHONY HICKS, ARCHIE HAYES, and ALEXANDER PATES, all African-American citizens, were lawfully attending a birthday party in a garage at 1244 N. Austin Blvd., in Chicago, Illinois, plaintiff TEAGUE's home.

9.     JOYCE PERRY, TEAGUE's mother, was in the home at the time, tending to her dying father.

10.     Defendant police officers, MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, LIPA, and DOERGE, are white, Caucasian Chicago police officers who are members of the same police tactical team.

11.     Defendant police officers MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, and LIPA came down the street, some the wrong way, in unmarked police vehicles, and jumped out of their vehicles.

12.     Plaintiffs, who were on private property at the time, were accosted by defendant officers at gunpoint.

13.     Defendant police officers MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, and LIPA came onto the TEAGUE/PERRY property and into the garage uninvited and without legal cause.

14.     Defendants forcibly grabbed plaintiffs, as well as other citizens attending the party.

3

15.     Defendant police officers MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, and LIPA ordered plaintiffs and other citizens at gunpoint to lie face down on the ground.

16.     The male plaintiffs were handcuffed and all plaintiffs remained face down on the ground until they were allowed to sit up.

17.     TEAGUE's mother, JOYCE PERRY, came out of the home in her pajamas and demanded to know what was going on.  She was told to get back or she would be arrested.

18.     When plaintiffs and others asked what was going on, defendant police officers answered with rude, profane, and threatening comments, putting plaintiffs in fear of more physical abuse and in fear of being arrested, despite not having committed any crimes.

19.     Defendant police officers who were not actively involved in the physical contact and threats knew that the actions of the other officers were unconstitutional and could have intervened in the illegal seizure, detention, battery, use of excessive force, and search, but failed to do so.

20.     Defendant DOERGE was the supervisor for this tactical team who approved, condoned, or turned a blind eye to unconstitutional conduct, and therefore, is liable as a supervisor.

21.     Defendant police officers had no reasonable suspicion to believe that plaintiffs were involved in any criminal activity whatsoever.

22.     Defendants had no probable cause to seize plaintiffs or search them, or to seize their property.

23.     Defendant police officers proceeded to search the persons of plaintiffs, except JOYCE PERRY, going into their pockets and purses, and taking out and retaining personal items.

24.     Plaintiffs' proof of identification was taken from them and held.

25.     The TEAGUE/PERRY garage was searched and the curtilage of the property was searched.

4

26.     Defendants searched or attempted to search the vehicles of the people at the birthday party and the vehicles in the garage.

27.     Defendants police officers continued detaining plaintiffs to perform a computer check of plaintiffs' identification, and a warrant check.  Plaintiffs were not free to leave.

28.     Defendant police officers found no contraband on plaintiffs, on the other attendees of the party, in the garage or in the yard, or in the vehicles.

29.     After roughing plaintiffs up and detaining them, defendants released plaintiffs from handcuffs and let them go.   Defendants did not charge plaintiffs with having committed any crimes.

30.     Defendant police officers never told plaintiffs why they grabbed, searched, and detained them, or searched the TEAGUE/PERRY property, except to say they wanted to find a gun.

31.     Defendants made out "contact cards" for plaintiffs, and created other electronic records, on which they falsely labeled plaintiffs as members of a violent street gang called the Four Corner Hustlers and stated that the reason for the contact with plaintiffs was a gang, drug, and gun investigation.  The electronic records are permanent records with the Chicago Police Department and are accessible to any officer with a portable or desk computer.

32.     There is no procedure by which plaintiffs can expunge these permanent false and defamatory police records.

33.     The above acts, as well as other harassing, humiliating, and insulting acts by the individual defendants officers, were committed with knowledge of the individual defendants and by agreement of said defendants to act in concert to violate the constitutional rights of plaintiffs.

34.     The police officers involved in this event were Caucasian white and plaintiffs are African-American black.  The actions of defendant police officers were motivated in part by racial animus.

5

35.     By reason of the above-described acts and omissions of defendant police officers, plaintiffs sustained physical injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering, all to their damage. Plaintiffs TEAGUE and JOYCE PERRY suffered property damage,

36.     The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages.

37.     Because of the above-described acts and omissions of the individual defendants, plaintiffs were required to retain an attorney to institute, prosecute, and render legal assistance to them in the within action, so that they might vindicate the loss and impairment of their rights.  By reason thereof, plaintiffs request payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C.§1988, the Equal Access to Justice Act, or any other provision set by law.

### COUNT I
**Plaintiffs TEAGUE and JOYCE PERRY Against Defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, and LIPA for Illegal Entry onto Private Property**

38.     Plaintiffs TEAGUE and JOYCE PERRY incorporate and reallege paragraphs 1 - 37, as though set forth herein in their entirety.

39.     Defendant police officers MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, and LIPA entered onto the premises of plaintiff TEAGUE and JOYCE PERRY's home at 1244 N. Austin Blvd., in Chicago, Illinois, without a warrant, without permission, and without legal cause, thus invading and violating plaintiff's security and privacy.

40.     By reason of the conduct of defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, and LIPA

6

plaintiffs TEAGUE and JOYCE PERRY were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants  MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, and LIPA, and each of them, is liable to plaintiffs TEAGUE and JOYCE PERRY, pursuant to 42 U.S.C. §1983.

**COUNT II**
**Plaintiffs TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, and PATES
Against Defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA,
STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, and LIPA for Illegal Stop**

41.     Plaintiffs TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, and PATES incorporate and reallege paragraphs 1 – 37, as though set forth herein in their entirety.

42.     The stop of plaintiffs by defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, and LIPA was without reasonable suspicion that plaintiffs were involved in any criminal activity and without any other legal cause.

43.     By reason of the conduct of defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, and LIPA plaintiffs TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, and PATES were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, and LIPA, and each of them, is liable to plaintiffs TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, and PATES pursuant to 42 U.S.C. §1983.

**COUNT III**
**Plaintiffs, TEAGUE, PERRY, ISLEY, DAVIS, HICKS, HAYES, and PATES Against**
**MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA, STORRIE, CARLQUIST,**
**CERVANTES, WALLACE, DALY, and LIPA for Illegal Seizure of Person and Detention**

44.     Plaintiffs TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, and
PATES incorporate and reallege paragraphs 1 – 37, as though set forth herein in their entirety.

45.     The seizure and detention of plaintiffs were without probable cause or reasonable
suspicion and were unreasonable.

46.     By reason of the conduct of defendants MIEHLE, BLOMSTRAND, SALVETTI,
SENG, JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, and LIPA,
plaintiffs TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, and PATES were
deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth
Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore,
defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA, STORRIE,
CARLQUIST, CERVANTES, WALLACE, DALY, and LIPA, and each of them, is liable to
plaintiffs TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, and PATES
pursuant to 42 U.S.C. §1983.

**COUNT IV**
**Plaintiffs TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, and PATES**
**Against Defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA,**
**STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, and LIPA for Excessive**
**Force**

47.     Plaintiffs TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, and
PATES incorporate and reallege paragraphs 1 – 37, as though set forth herein in their entirety.

48.     The force used by defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG,
JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, and LIPA on
plaintiffs was excessive, unnecessary, unreasonable, and without legal cause.

49.     By reason of the conduct of defendants MIEHLE, BLOMSTRAND, SALVETTI,
SENG, JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, and LIPA,

plaintiffs TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, and PATES were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, and LIPA, and each of them, is liable to plaintiffs TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, and PATES pursuant to 42 U.S.C. §1983.

**COUNT V**
**Plaintiffs TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, and PATES**
**Against Defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA,**
**STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, LIPA, and CITY OF**
**CHICAGO for State Supplemental Claim of Battery**

50.    Plaintiffs, TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, and PATES incorporate and reallege paragraphs 1 – 37, as though set forth herein in their entirety.

51.    The physical contact by defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, and LIPA was offensive and injurious, and against plaintiffs' will.

52.    Defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, and LIPA are liable to plaintiffs, TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, and PATES under Illinois law for the state supplemental claim of battery.

53.    Defendant CITY OF CHICAGO is liable to plaintiffs pursuant to the doctrine of *respondeat superior*.

Case: 1:14-cv-06950 Document #: 44 Filed: 09/04/15 Page 10 of 18 PageID #:122

**COUNT VI**
**Plaintiffs, TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, PATES, and
JOYCE PERRY, Against Defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG,
JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, LIPA, and
CITY OF CHICAGO for State Supplemental Claim of Assault**

54.    Plaintiffs, TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES,

PATES, and JOYCE PERRY, incorporate and reallege paragraphs 1 – 37, as though set forth

herein in their entirety.

55.    Defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA,

STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, and LIPA engaged in conduct,

including threatening words and threatening gestures, which placed plaintiffs in reasonable

apprehension of receiving a battery.  Plaintiffs were in reasonable fear not only of a physical

attack, but of being forcibly arrested and formally charged with crimes, for no legal reason.

56.    Defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA,

STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, and LIPA are liable to plaintiffs,

TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, PATES, and JOYCE

PERRY, under Illinois law for the state supplemental claim of assault.

57.    Defendant CITY OF CHICAGO is liable to plaintiffs pursuant to the doctrine of

*respondeat superior.*

**COUNT VII**
**Plaintiffs TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, and PATES
Against Defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA,
STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, and LIPA for Illegal
Search of Person**

58.    Plaintiffs TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, and

PATES incorporate and reallege paragraphs 1 – 37, as though set forth herein in their entirety.

59.    The search of plaintiffs' persons was without probable cause to believe that

plaintiffs were involved in any criminal activity and was unreasonable.

60.    By reason of the conduct of defendants MIEHLE, BLOMSTRAND, SALVETTI,

SENG, JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, and LIPA,

plaintiffs TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, and PATES were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, and LIPA, and each of them, is liable to plaintiffs TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, and PATES pursuant to 42 U.S.C. §1983.

**COUNT VIII**
**Plaintiffs, TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, PATES, and JOYCE PERRY, Against Defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, and LIPA for Illegal Search and Seizure of Property**

61.     Plaintiffs, TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, PATES, and JOYCE PERRY, incorporate and reallege paragraphs 1 – 37, as though set forth herein in their entirety.

62.     The search and seizure of plaintiffs' personal property were without probable cause to believe that plaintiffs were involved in any criminal activity and without probable cause to believe that the property was contraband or was evidence of criminal activity. The search and seizure of plaintiffs' personal property were unreasonable and a violation of privacy.

63.     By reason of the conduct of defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, and LIPA, plaintiffs, TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, PATES, and JOYCE PERRY, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, and LIPA, and each of them, is liable to plaintiffs, TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, PATES, and JOYCE PERRY, pursuant to 42 U.S.C. §1983.

**COUNT IX**
**Plaintiffs TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, and PATES**
**Against Defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA,**
**STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, and LIPA for Denial of**
**Due Process**

64.     Plaintiffs TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, and
PATES, incorporate and reallege paragraphs 1 – 37, as though set forth herein in their entirety.

65.     Defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA,
STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, and LIPA made out "contact
cards" for plaintiffs, and created other electronic police records, on which they falsely labeled
plaintiffs as members of a violent street gang called the Four Corner Hustlers and described the
contact with plaintiffs as a gang, drug, and gun investigation.  The electronic records are
permanent records with the Chicago Police Department and are accessible to any officer with a
portable or desk computer, and may be accessible to the public.

66.     There is no procedure by which plaintiffs can expunge these permanent false and
defamatory police records which could affect plaintiffs should there be any contacts with the
police in the future, or if these records are accessed by the public, including employers and
creditors.

67.     Plaintiffs thus have been identified as criminals, even though no charges having
ever been approved by the States Attorney or brought by the Chicago Police Department against
them.

68.     Certain Chicago Police Department special orders provide that digitized electronic
records may be stored indefinitely and may be used to provide investigative leads to department
members.

69.     These permanent police records which falsely label plaintiffs as gang members and
drug and gun perpetrators are a continued violation of plaintiffs' due process and/or privacy
rights and their existence continue to have an adverse emotional effect on plaintiffs.

12

70.     Routine traffic stops and the resulting name and warrant checks are a common experience for all motorists, even more so in plaintiffs' neighborhoods, which Chicago police officers regularly trumpet as a "high crime neighborhoods."

71.     As African-Americans in the City of Chicago, where there is racial profiling, plaintiffs are more likely to be pulled over for an equipment or traffic violation, whether it occurred or not.

72.     Current police technology such as automated license plate recognition enables Chicago police officers to use computers to read license plates and identify the owner prior to a vehicle stop, making it even more likely that a stop will occur in which police computers and databases flag plaintiffs as gang members and drug and gun perpetrators.

73.     Thus, whether the routine traffic stop be the result of a random search at a checkpoint or a failure to use a turn signal, there is a likelihood that plaintiffs will be subjected in the future to an illegally extended traffic stop or arrest as a result of police records referring to them as gang members and gun and drug perpetrators.

74.     There is also an increased likelihood that a vehicle stop of plaintiff will be at gunpoint, to protect police from the possible reaction of a violent, "known" criminal.

75.     Because during any traffic stop it is routine to run a background check on the motorist, it is a reasonable assumption that a background check of plaintiffs yielding the gang and gun and drug perpetrator designation will, at a minimum, place plaintiffs under heightened scrutiny, unnecessarily increasing the length of any routine stop.  At worst, plaintiffs  would be detained for an investigation or arrested.

76.     Plaintiffs' emotional damages are continuous, in that plaintiffs know that these records exist.  These constitute "continuing, present adverse effects" on plaintiff.

77.     Plaintiffs seek compensatory damages for their emotional damages and equitable relief including an injunction barring use of and expunging false police reports, to put an end to the adverse effects plaintiffs experience to date and to avoid future injury.

13

78.     By reason of the conduct of defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, and LIPA, plaintiffs, TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, and PATES were deprived of rights, privileges and immunities secured to them by the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, and LIPA, and each of them, is liable to plaintiffs, TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, and PATES, pursuant to 42 U.S.C. §1983.

### COUNT X
**Plaintiffs, TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, PATES, and JOYCE PERRY, Against Defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, LIPA,  and DOERGE for Failure to Intervene**

79.     Plaintiffs, TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, PATES, and JOYCE PERRY, incorporate and reallege paragraphs 1 – 37, as though set forth herein in their entirety.

80.     Defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, LIPA and DOERGE had reason to know that the seizure, detention, search of plaintiffs and their property, seizure of property, and excessive force towards plaintiffs were without a warrant, without consent, without probable cause, without reasonable suspicion, without exigent circumstances or other legal justification, and unreasonable.

81.     Defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, LIPA and DOERGE had a reasonable opportunity to prevent the illegal searches and seizures and excessive force from occurring, but failed to do so.

14

82.     By reason of the conduct of defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, LIPA and DOERGE, plaintiffs, TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, PATES, and JOYCE PERRY, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, LIPA and DOERGE , and each of them, is liable to plaintiffs, TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, PATES, and JOYCE PERRY, pursuant to 42 U.S.C. §1983.

**COUNT XI**
**Plaintiffs, TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, PATES, and JOYCE PERRY, Against Defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, LIPA and DOERGE for Conspiracy Pursuant to Section 1983**

83.     Plaintiffs, TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, PATES, and JOYCE PERRY, incorporate and reallege paragraphs 1 – 37, as though set forth herein in their entirety.

84.     The above acts were committed with knowledge and by agreement of defendants, MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, LIPA and DOERGE, to act in concert to violate the constitutional rights of plaintiffs.

85.     By reason of the conduct of defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, LIPA and DOERGE, plaintiffs, TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, PATES, and JOYCE PERRY, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG,

15

JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, LIPA and DOERGE, and each of them, is liable to plaintiffs, TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, PATES, and JOYCE PERRY, pursuant to 42 U.S.C. §1983.

## COUNT XII
**Plaintiffs, TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, PATES, and JOYCE PERRY, Against Defendant DOERGE for Supervisory Liability**

86.     Plaintiffs, TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, PATES, and JOYCE PERRY, incorporate and reallege paragraphs 1 – 37, as though set forth herein in their entirety.

87.     Defendant DOERGE was a supervisory officer who approved, condoned, or turned a blind eye to unconstitutional conduct, and therefore, is liable as a supervisor.

88.     By reason of the conduct of defendant DOERGE, plaintiffs,TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, PATES, and JOYCE PERRY, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendant DOERGE is liable to plaintiffs, TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, PATES, and JOYCE PERRY, pursuant to 42 U.S.C. §1983.

## COUNT XIII
**Plaintiffs, TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, PATES, and JOYCE PERRY, Against Defendant CITY OF CHICAGO for Indemnification (735 ILES 10/9-102)**

89.     Plaintiffs, TEAGUE, CHARSAE PERRY, ISLEY, DAVIS, HICKS, HAYES, PATES, and JOYCE PERRY, incorporate and reallege paragraphs 1 – 37, as though set forth herein in their entirety.

90.     In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

91.     Defendants MIEHLE, BLOMSTRAND, SALVETTI, SENG, JANNOTTA, STORRIE, CARLQUIST, CERVANTES, WALLACE, DALY, LIPA and DOERGE, were employees of the CITY OF CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

92.     Defendant CITY OF CHICAGO is thus liable under the theory of indemnification.

WHEREFORE, plaintiffs, DEADRICK TEAGUE, CHARSAE PERRY, COREY M. ISLEY, TAMARA DAVIS, ANTHONY HICKS, ARCHIE HAYES, ALEXANDER PATES, and JOYCE PERRY, request judgment as follows against defendants, ERIK A. MIEHLE, MATTHEW R. BLOMSTRAND, JEFFREY T. SALVETTI, ERICK P. SENG, ANTHONY J. JANNOTTA, BRIAN A. STORRIE, KEVIN L. CARLQUIST, NICHOLAS A. CERVANTES, ADAM A. WALLACE, AARON M. DALY, JOSEPH E. LIPA, ANDREW N. DOERGE, and CITY OF CHICAGO, on each and every claim:

A.      That defendants be required to pay plaintiffs general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,

B.      That defendants be required to pay plaintiffs special damages,

C.      That defendants, except CITY OF CHICAGO, be required to pay plaintiffs exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

D.      That an injunction issue barring the use of and expunging false contact cards and electronic records from this incident, to put an end to the adverse effects plaintiffs experience to date, and to avoid future injury,

E.      That defendants, except CITY OF CHICAGO, be required to pay plaintiffs' attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

F.    That defendants be required to pay plaintiffs costs of the suit herein

incurred, and

G.    That plaintiffs be granted such other and further relief as this Court may

deem just and proper.

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY.**


Dated: September 4, 2015                                    /s/      Irene K. Dymkar
                                                                     Irene K. Dymkar


Irene K. Dymkar
Attorney for Plaintiffs
53 W. Jackson, Suite 562
Chicago, IL 60604
(312) 345-0123




## CERTIFICATE OF SERVICE

I, Irene K. Dymkar, an attorney, certify that on the 4th day of September, 2015, a copy of PLAINTIFF'S FIRST AMENDED CIVIL RIGHTS COMPLAINT was served upon the attorneys for defendants named below through the Court's electronic filing system.

Kenneth Battle
Quintarios, Prieto, Wood, & Boyer, P.A.
180 N. Stetson Ave., Suite 4525
Chicago, IL 60601


Dated: September 4, 2015                                    /s/      Irene K. Dymkar
                                                                     Irene K. Dymkar

18